UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHZAD MOHAMMADI,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; DAVE VENTURELLA, Acting Director, United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General, in their official capacities,<br><br>Respondents. | Case No.: 3:26-cv-04928-LEK-GC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §§ 2241 AND ORDER TO SHOW CAUSE WITHIN THREE DAYS AND COMPLAINT FOR DECLARATORY RELIEF** |

Before this Court is Petitioner Shahzad Mohammadi's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and Order to Show Cause Within Three Days and Complaint for Declaratory Relief ("Petition"), filed on August 28, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Warden, Otay Mesa Detention Center; Daniel A. Brightman, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement ("ICE"); Dave Venturella, Acting Director, ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Attorney General, in their official capacities ("Respondents"), filed a response to the Petition ("Response") on September 3,

2026. [Dkt. no. 4.] Petitioner filed a reply in support of the Petition ("Reply") on September 4, 2026. [Dkt. no. 5.] Although the Petition requests a hearing on the Petition, [Petition at pg. 16,] this Court concludes that oral argument is not necessary.

## **BACKGROUND**

Petitioner, a twenty-three-year-old native of Afghanistan, entered the United States on August 29, 2023. Petitioner was initially taken into immigration custody, but he was later released on his own recognizance. See id. at ¶¶ 20, 22-23. Petitioner has applied for asylum and Special Immigrant Juvenile Status and has complied with all requirements associated with those applications. See id. at ¶ 26. Petitioner began working in San Diego after he received a work permit, and he had no issues until he was arrested by ICE officers on August 22, 2026 while working a delivery job. See id. at ¶¶ 26, 28-29. The arresting officers did not provide Petitioner with an explanation of either the alleged change in circumstances that warranted the arrest or any other basis for the arrest. During processing, an ICE officer told Petitioner that a judge had rejected his asylum application, but Petitioner states that was false. See id. at ¶¶ 29-30.

Petitioner was initially detained at a border patrol station, and then transferred to a secondary location. On August 26, 2026, Petitioner was transferred to the Otay Mesa Detention Center, in San Diego, California, where he remained through the filing of the Petition. See id. at ¶¶ 6-7.

Petitioner's primary argument is that his re-detention violates his due process rights. [Id. at pgs. 13-15.] Petitioner also argues that ICE's decision to re-detain him violated the Administrative Procedure Act ("APA"). [Id. at pgs. 15-16.] Petitioner seeks, *inter alia*, immediate release. See id. at pg. 16.

Respondents acknowledge that, "[o]n July 30, 2026, the Ninth Circuit [Court of Appeals] held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding

that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] Respondents argue the Petition is moot because Petitioner could have requested a Section 1226(a) bond hearing before an immigration judge, and because, at the request of the United States Department of Homeland Security, a bond hearing has been scheduled for September 9, 2026. See id. at 2. Respondents also argue Petitioner must exhaust his administrative remedies before the immigration judge and by appealing any unfavorable outcome to the Board of Immigration Appeals. See id. at 3. Respondents therefore argue the Petition should be denied, or this case should be stayed pending the outcome of the September 9, 2026 bond hearing. See id.

Petitioner points out that Respondents failed to address his argument that he had a protected liberty interest in his release on his own recognizance, and his August 22, 2026 re-detention violated his due process rights. [Reply at 1-2.] Petitioner argues the only appropriate remedy for the due process violation is immediate release. [Id. at 4-5.]

## DISCUSSION

There is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. See Response at 1. However, the issue of the proper statutory detention authority is distinct from the issue of whether Petitioner was provided with the process required by the United States Constitution before he was re-detained pursuant to the statutory authority. As to Respondents' argument that the scheduled bond hearing renders the Petition moot, see Response at 2, this Court notes:

> "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). . . .

Castaneda v. Lyons, Case No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026) (some alterations in Castaneda).[1] The mere fact that a bond hearing has been scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot. This Court therefore denies Respondents' request to dismiss the Petition as moot and turns to Petitioner's due process claim.

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." Valencia Zapata v. Kaiser, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in Pinchi) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

[1] The magistrate judge's report and recommendation in Castaneda was adopted by the district judge. 2026 WL 1865440 (June 29, 2026).

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[2]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his release on his own recognizance was being revoked before he was summarily re-detained on August 22, 2026. See Petition at ¶¶ 28-29. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's re-detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 17. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of

---

[2] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[3] This Court need not address Petitioner's APA claims, [Petition at pgs. 15-16,] because the Petition can be resolved based on due process grounds.

judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner Shahzad Mohammadi's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and Order to Show Cause Within Three Days and Complaint for Declaratory Relief, filed August 28, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to immediately release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's detention on August 22, 2026 and to return Petitioner's belongings immediately upon his release. Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; and from placing Petitioner in an Alternative to Detention program and from placing an ankle monitor on Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **September 15, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 8, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge